

**SACK & SACK, ESQS.**
Jonathan S. Sack, Esq. (JSS 1835)
110 East 59th Street, 19th Floor
New York, New York 10022
Tel.: (212) 702-9000
Fax: (212) 702-9702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

**07 CV 373**

**BARBARA MATTERA,**

Index No. _____ (___)

Plaintiff,

ECF CASE

— against —

**COMPLAINT**

**CLEAR CHANNEL BROADCASTING, INC.**
and **RONALD DECASTRO** and **KRISTIN**
**RODERICK,** individually,

**JURY TRIAL**
**REQUESTED**

Defendants.

------------------------------------------------------------ x

Plaintiff, Barbara Mattera (*"Mattera"* or *"Plaintiff"*) by her attorneys, Sack & Sack, Esqs.,

file the following Complaint against her former employer Defendant Clear Channel Broadcasting,

Inc. (*"CCB"*) and immediate supervisors Ronald DeCastro (*"DeCastro"*) and Kristin Roderick

(*"Roderick,"* together with CCB and DeCastro, *"Defendants"*).

Mattera, as and for her complaint, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff complains that her former employer, CCB, engaged in the unlawful discrimination and retaliation of Plaintiff in the terms, conditions, and privileges of her employment pursuant to the Federal Age Discrimination in Employment Act ("*ADEA*"), as amended by the Older Worker Benefit Protection Act ("*OWBPA*"), 29 U.S.C. § 600, et seq., because she is over the age of 40.

2.      Plaintiff further complains that Defendants engaged in the unlawful discrimination and retaliation of Plaintiff in the terms, conditions, and privileges of her employment in violation of the New York State Human Rights Law, Executive Law § 290 et seq. ("*NYSHRL*") and the Administrative Code of the City of New York § 8-101 et seq. ("*NYCHRL*") based upon her age (over 40).

3.      Plaintiff files this action to obtain redress for discriminatory employment practices, discrimination on account of her age, loss of employment and loss of earnings.

4.      Plaintiff files this action to seek monetary relief for the denial of equal employment opportunity and for the unlawful employment practices of Defendants.

5.      Plaintiff further complains that she has suffered, is suffering and will continue to suffer severe economic and non-economic damages because Defendants:

        a.      Discriminated against her with respect to the terms, conditions and privileges of her employment on account of her age (over 40) by

2

providing a fabricated poor performance review without warning or justification; and

b.     Deprived Plaintiff of her employment rights in violation of federal and state law.

6.     On or about December 20, 2004, Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("*EEOC*"), which bore charge number 160-2005-00675.

7.     On or around September 18, 2006, the EEOC issued a "probable cause" Determination, which stated, *inter alia*, **"Based on the totality of the evidence [the EEOC District Director] ha[s] determined that there is reasonable cause to believe [CCB] has violated the Age Discrimination Act of 1967."** (Exhibit "A")

8.     Plaintiff timely brings this action within ninety (90) days of the receipt of a Notice of Right to Sue Letter ("*NORTS Letter*"), issued by the EEOC on October 20, 2006.  (Exhibit "B")

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.     This Honorable Court's jurisdiction is also invoked pursuant to the provisions of 29 U.S.C. § 626(b), which incorporates the back pay and liquidated damages provisions of the Fair

Labor Standards Act, 29 U.S.C. § 216(b) into the ADEA.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a). Venue in this matter is properly laid in the District because the violations of the Plaintiff's federal and state civil rights occurred during the course of their employment at branch office locations in this District, because the Defendant does business in this District, and because most of the fact witnesses and evidence are common to or most convenient to this District.

## **PARTIES**

13.     Plaintiff is an individual who, at all times relevant to this Complaint, has resided and currently resides at 65-10 Jay Avenue, Maspeth, NY 11378 in the County of Queens.

14.     Plaintiff's date of birth is July 30, 1962.

15.     Plaintiff is currently forty-four (44) years of age.

16.     From January 1998 until her unlawful termination on September 14, 2004, Plaintiff was employed by CCB.[1]

17.     At all times relevant herein, Plaintiff was an employee within the meaning of the ADEA, NYSHRL and NYCHRL and thus afforded protection against discrimination and retaliation in employment on the basis of her age and was a member of the protected group of workers 40 years of age or older.

18.     At all times relevant to this Complaint, Defendant is a corporation licensed to do

---

[1] Plaintiff was originally hired by Chancellor Broadcasting, which merged with Evergreen Media to form Chancellor Media. Chancellor Media then merged with Jaycor to become AM/FM. AM/FM was subsequently purchased by

business in the State of New York, with offices located at 1133 Avenue of the Americas, 34th Fl., New York, New York 10036.

19.     Defendant is one of the largest media conglomerates and the largest radio broadcaster in the United States.

20.     Defendant is an "employer" within the meaning of the ADEA, NYSHRL and NYCHRL, and as such was prohibited from discriminating in employment on the basis of age.

21.     Defendant DeCastro is an individual who currently resides at 200 West Washington Square, Philadelphia, PA  19106-3513.

22.     At all relevant times herein, Defendant DeCastro was Plaintiff's supervisor and in a position to discriminate and retaliate against Plaintiff in violation of NYSHRL and NYCHRL.

23.     At all relevant times herein, Defendant DeCastro is an individual who either aids, abets, incites, compels or coerces unlawful discriminatory retaliation pursuant to NYSHRL and NYCHRL.

24.     Defendant Roderick is an individual who currently resides at 220 Riverside Blvd, New York, New York 10069.

25.     At all relevant times herein, Defendant Roderick was Plaintiff' supervisor and in a position to retaliate against Plaintiff in violation of NYSHRL and NYCHRL.

---

CCB.

26.     At all relevant times herein, Defendant Roderick is an individual who either aids, abets, incites, compels or coerces unlawful discriminatory retaliation pursuant to NYSHRL and NYCHRL.

## FACTS

The claims set forth herein arise from the following set of facts:

### PLAINTIFF'S EMPLOYMENT HISTORY

27.     Plaintiff is an Account Executive in the media field, a vocation she has worked at for 16 years.

28.     Prior to becoming employed by CCB in January 1998, Plaintiff worked for Group W/Westinghouse CBS Broadcasting as an Account Executive.

29.     In or around January 1998, Plaintiff commenced employment with CCB as the Local Sales Manager for a well-known New York City radio station.

30.     As a well respected and valued employee of CCB, Plaintiff received a salary of approximately $200,000+ per year.

31.     In or around June 2001, Plaintiff was transferred to a newly created position within CCB called Director of New Business Development.

32.     In or around March 2002, Plaintiff was transferred to the New York City radio station known as Power 105.1 and assigned the role of Key Account Manager.

33.     As a key Account Manager, Plaintiff used her substantial radio sales experience to sell

air time to major advertising clients, including, without limitation, JL Media and Pepsi Co.

34.     Plaintiff generated substantial income for the radio station (and CCB) and was consistently commended by her superiors and colleagues for her work performance.

### PLAINTIFF REPORTS TO DECASTRO AND RODERICK

35.     Beginning in March 2002, Plaintiff reported to Ronald DeCastro, the newly named General Sales Manager of Power 105.1, who at the time was approximately 37 years old.

36.     DeCastro and the Local Sales Manager, Kristin Roderick, who at the time was approximately 30 years old, supervised approximately eleven Account Executives, all of whom were substantially younger (20's and early 30's) than Plaintiff except one, Marilyn Kaplan.

37.     Since their tenure began, DeCastro and Roderick completely transformed the complexion of the sales staff to an image where young and sexy were preferred and older and more traditional (*i.e,.* Plaintiff) were disfavored.

38.     Of the eleven Account Executives, only Marilyn Kaplan was older than Plaintiff. The nine other Account Executives were in their 20's and early 30's.

### PLAINTIFF SUFFERS DISCRIMINATION BASED UPON HER AGE

39.     From March 2002 through Plaintiff's discriminatory termination on or about September 14, 2004, Defendants engaged in discriminatory conduct towards Plaintiff, based upon her age, over 40.

40.     CCB's discriminatory conduct was perpetrated mainly by Plaintiff's supervisors,

DeCastro and Roderick.

41.     Oftentimes beginning from March 2002, DeCastro called Plaintiff "old," referred to Ms. Kaplan and Plaintiff as the **"senior"** members of the sales staff and repeatedly told Plaintiff she **"looked great for her age."**

42.     DeCastro's discriminatory treatment of Plaintiff was so blatant it was oftentimes witnessed by several account executives as well as Plaintiff's coworkers.

43.     Rebecca Haas, a sales assistant at Power 105.1, heard DeCastro refer to Plaintiff as **"old"** on several occasions.

44.     Another Account Executive at CCB, Darnell Davis, also witnessed on several occasions DeCastro referring to Plaintiff as **"old."**

45.     At summer sales meetings during 2004, DeCastro repeatedly referred to partying with **"hot honeys"** and **"young honeys."**

46.     It is known throughout the station and industry that DeCastro has a particular penchant for hiring and courting young and sexy women.

47.     On August 9, 2004, at a weekly sales meeting, Roderick called Ms. Kaplan (then the oldest Account Executive at the station) the **"granny of hip hop."**

48.     As Plaintiff grew older, the campaign of discrimination against her grew stronger despite her increasing and steady work performance.

8

49.   In March 2004, DeCastro and Roderick began to direct their age bias toward Plaintiff by, all of a sudden and "out of the blue," unjustifiably criticizing her work performance.

50.   In all of Plaintiff's years in the industry, and two years prior to working under Mr. DeCastro at CCB, Plaintiff had never received a critical work performance memorandum.

51.   Yet, in March and July 2004, despite Plaintiff's positive performance feedback, DeCastro issued memoranda criticizing Plaintiff's work performance.

52.   These performance memoranda were without basis or justification.

53.   Furthermore, DeCastro made affirmative efforts to thwart Plaintiff's failure at CCB.

54.   Specifically, but without limitation, DeCastro transferred several of Plaintiff's key accounts to substantially younger colleagues, repeatedly failed to meet with Plaintiff and increased Plaintiff's budgets to unattainable levels.

55.   Except for Plaintiff, no other CCB Account Executive was treated in this manner, had their accounts taken away or their budgets drastically increased.

56.   It was obvious to Plaintiff that she was being treated differently by DeCastro in respect of the terms conditions and privileges of her employment as compared to her similarly situated younger coworkers on the basis of her age.

57.   Despite DeCastro's ever increasing (and pre-textual) criticism of Plaintiff's work performance, Plaintiff received several company awards and accolades in 2004 for her stellar work performance.

58.   The likelihood of Plaintiff working for over two (2) years without criticism to "all of the sudden" receiving performance warnings is suspect and pretextual.

### PLAINTIFF SUFFERS RETALIATORY TERMINATION FOLLOWING HER LAWFUL COMPLAINTS

59.   On August 24, 2004, immediately before receiving another critical work performance memoranda, Plaintiff filed a complaint with DeCastro complaining about the way Plaintiff was being treated and that she believed that such treatment was a direct result of her age.

60.   Specifically, Plaintiff wrote the following (Exhibit "C"):

> I have been employed with Clear Channel Communications for seven years and seven months. Over this time, I have been employed here at POWER 105.1 FM for 2 years and 5 months.

> I have enjoyed and continue to enjoy my job here at POWER 105.1 FM. I feel very much a part of a family and would like to continue to contribute; and remain, a part of the team. I mention this to you because your 7/20/04 memo took me off guard. I did not expect it and believe that I was the only Account Executive who received such a critical memo.

> You have assured me that my job is not at stake. I feel like it is, particularly in light of this memo. **I believe that it is based on my age. In the past, you repeatedly referred to me as "old" and recently mentioned that Marilyn Kaplan and I are the "senior" members of the sales staff Furthermore, in the past year or so, several of my accounts have been taken away and transferred to substantially younger employees.**

> **My experience level within this industry is extensive; when compared to that of the younger**

10

**Account Executives employed here at POWER 105.1 FM. Based upon the fact that these accounts have been assigned to younger Account Executives, and your repeated comments about my age; I can come to no other conclusion that your decisions are age related.**

I feel that I should not have any more accounts taken away from me. I would appreciate[] your consideration in reinstating those accounts taken from me; or reassigning to me additional billing accounts to make up for my losses.

Ron, once again, I am very happy working for you and POWER 105.1 FM; but just felt that it was important to communicate my feelings and try to resolve this issue.

I look forward to continued success working for you and for POWER 105.1 FM.

61.    On September 14, 2004, merely three (3) weeks following submission of her memo of complaint, Plaintiff was fired because of her alleged poor work performance.

62.    In reality, Plaintiff was actually terminated in retaliation of her lawful complaints concerning age discrimination.

63.    The proffered explanation for Plaintiff's firing due to declining work performance was a complete fabrication, particularly because merely 2 months earlier, in July 2004, she won the station's Account Executive of the Month Award.

64.    Plaintiff believes she was terminated from her job as an Account Executive at CCB because of age discrimination and in retaliation for her August 24, 2004 complaint of age discrimination.

11

65.     Soon after DeCastro fired Plaintiff on September 14, 2004, he not surprisingly hired two younger less-qualified women, Carol Colon and Laura Fernedes, who were both approximately 28 years old.

66.     After DeCastro fired Plaintiff, he transferred all of her work to substantially younger colleagues, notably Bernhard Weiss (31-years old), Dominick D'Erasmo (30-years old), Grady Farmer (31-years old), Jennifer Mormile (25-years old) as well as Carol Colon and Laura Fernedes.

67.     Accordingly, on September 14, 2004, Plaintiff was singled out and unlawfully terminated from CCB without any reason, notice, justification or cause except in retaliation of her lawful complaints concerning discrimination by Defendants on the basis of Plaintiff's age.

68.     There is no legitimate business justification for such targeting and persecution of Plaintiff to exist at CCB by Plaintiff's supervisors, DeCastro and Roderick.  Such debilitating and discriminatory behavior did not further the business of CCB.

69.     Furthermore, prior to the commencement of this action, Plaintiff served a copy of this Complaint to the following persons at the last known address set forth in accordance with the New York City Administrative Code § 8-502(c):

Corporation Counsel of New York City  
100 Church Street, Room 4313  
New York, New York 10007

NYC Commission on Human Rights  
40 Rector Street, 9th Floor  
New York, New York 10006

## LEGAL CLAIMS

## AS AND FOR A FIRST CAUSE OF ACTION
### AGE DISCRIMINATION IN VIOLATION OF ADEA

70.     Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

71.     Defendants' discriminatory behavior and then retaliatory termination of Plaintiff's employment were made as a direct result of Plaintiff's age, over 40, and show an animus of age bias.

72.     Defendants' animus towards Plaintiff's age is revealed in instances where similarly situated younger employees (under 40) were treated differently than Plaintiff in respect to of their terms, conditions, and privileges of employment.

73.     Defendant has undertaken these discriminatory practices willfully or with reckless disregard for the Plaintiff's rights protected under ADEA.

74.     These employment practices violate the ADEA.

75.     The aforementioned acts of Defendants constitute unlawful discrimination against Plaintiff in the terms, conditions and privileges of her employment because of her age and in retaliation against her in violation of the provisions of the ADEA.

76.     As a proximate result of Defendants' aforementioned age discrimination against Plaintiff, Plaintiff has and will continue to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

77.     As a further proximate result of Defendants' actions, Plaintiff has and will continue to

13

suffer irreparable and significant damage to her personal and professional good name and reputation.

78.    As a further proximate result of Defendants' actions taken because of Plaintiff's age, Plaintiff has and will continue to suffer severe and lasting embarrassment, humiliation and anguish and other incidental and consequential damages and expenses.

79.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants an amount equal to the value of all compensation to be earned by Plaintiff had her employment not been interfered with, including all to be earned salary and bonuses, benefit payments, profit sharing, costs, attorney's fees and prejudgment interest at no less than 9%.

80.    As a result of the foregoing acts, Plaintiff is entitled to recover an amount no less than $3,000,000.00 in compensatory damages from Defendants in addition to all other amounts sought herein.

81.    In committing the acts alleged herein, Defendants acted in an outrageous and malicious manner with intent, oppression, gross negligence, malice, wanton disregard and indifference for Plaintiff's protected civil rights, as part of a continuing pattern of conduct, and Plaintiff is entitled to punitive damages of at least $3,000,000.00 to adequately punish Defendants and to deter Defendants from continuing and repeating such conduct in the future.

## AS AND FOR A SECOND CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF AGE UNDER
### NEW YORK STATE HUMAN RIGHTS LAW §296(1)(A)

82.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

14

83.     Defendants' discriminatory behavior and then retaliatory termination of Plaintiff's employment were made as a direct result of Plaintiff's age, over 40, and show an animus of age discrimination.

84.     Defendants' animus towards Plaintiff's age, over 40, is revealed in instances where similarly situated employees who were under the age of 40 were treated differently than Plaintiff in respect to of her terms, conditions, and privileges of employment.

85.     The aforementioned acts of Defendants constitutes unlawful discrimination against Plaintiff in the terms, conditions and privileges of her employment because of her age and in retaliation against her in violation of the provisions of the NYSHRL § 296, et seq.

86.     As a proximate result of Defendants' aforementioned age discrimination against Plaintiff, Plaintiff has and will continue to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

87.     As a further proximate result of Defendants' actions, Plaintiff has and will continue to suffer irreparable and significant damage to her personal and professional good name and reputation.

88.     As a further proximate result of Defendants' actions taken because of Plaintiff's age, Plaintiff has and will continue to suffer severe and lasting embarrassment, humiliation and anguish and other incidental and consequential damages and expenses.

89.     As a result of the foregoing, Plaintiff is entitled to recover from Defendants an amount equal to the value of all compensation to be earned by Plaintiff had her employment not been interfered with, including all to be earned salary and bonuses, benefit payments, profit sharing, costs,

attorney's fees and prejudgment interest at no less than 9%.

90.     As a result of the foregoing acts, Plaintiff is entitled to recover an amount no less than $3,000,000.00 in compensatory damages from Defendants in addition to all other amounts sought herein.

91.     In committing the acts alleged herein, Defendants acted in an outrageous and malicious manner with intent, oppression, gross negligence, malice, wanton disregard and indifference for Plaintiff's protected civil rights, as part of a continuing pattern of conduct, and Plaintiff is entitled to punitive damages of at least $3,000,000.00 to adequately punish Defendants and to deter Defendants from continuing and repeating such conduct in the future.

## AS AND FOR A THIRD CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF AGE UNDER
### NEW YORK CITY HUMAN RIGHTS LAW § 8-107

92.     Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

93.     Defendants' discriminatory behavior and then retaliatory termination of Plaintiff's employment were made as a direct result of Plaintiff's age, over 40, and show an animus of age discrimination.

94.     Defendants' animus towards Plaintiff's age, over 40, is revealed in instances where similarly situated employees who were under the age of 40 were treated differently than Plaintiff in respect to of her terms, conditions, and privileges of employment.

95.     The aforementioned acts of Defendants constitutes unlawful discrimination against

Plaintiff in the terms, conditions and privileges of her employment because of her age and in retaliation against her in violation of the provisions of the NYCHRL § 8-107 et seq..

96.    As a proximate result of Defendants' aforementioned age discrimination against Plaintiff, Plaintiff has and will continue to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

97.    As a further proximate result of Defendants' actions, Plaintiff has and will continue to suffer irreparable and significant damage to her personal and professional good name and reputation.

98.    As a further proximate result of Defendants' actions taken because of Plaintiff's age, Plaintiff has and will continue to suffer severe and lasting embarrassment, humiliation and anguish and other incidental and consequential damages and expenses.

99.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants an amount equal to the value of all compensation to be earned by Plaintiff had her employment not been interfered with, including all to be earned salary and bonuses, benefit payments, profit sharing, costs, attorney's fees and prejudgment interest at no less than 9%.

100.    As a result of the foregoing acts, Plaintiff is entitled to recover an amount no less than $3,000,000.00 in compensatory damages from Defendants in addition to all other amounts sought herein.

101.    In committing the acts alleged herein, Defendants acted in an outrageous and malicious manner with intent, oppression, gross negligence, malice, wanton disregard and indifference for Plaintiff's protected civil rights, as part of a continuing pattern of conduct, and

Plaintiff is entitled to punitive damages of at least $3,000,000.00 to adequately punish Defendants and to deter Defendants from continuing and repeating such conduct in the future.

## AS AND FOR A FOURTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF ADEA

102.   Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

103.   Based upon the aforementioned facts, Defendants were was engaged in unlawful conduct under ADEA.

104.   Plaintiff acted in opposition to such unlawful conduct by filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

105.   Defendants had actual knowledge of Plaintiff's activities in respect of filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

106.   As a proximate result of Plaintiff's activities in respect of filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40, Defendants engaged in adverse treatment of Plaintiff, including, *inter alia*, terminating her employment.

107.   The aforementioned acts of Defendants constitute unlawful retaliation against Plaintiff in violation of the provisions of ADEA.

108.   Plaintiff was unlawfully discharged from her employment because she filed lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

109.   As a proximate result of Defendants' aforementioned retaliation against Plaintiff,

Plaintiff has and will continue to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

110.    As a further proximate result of Defendants' actions, Plaintiff has and will continue to suffer irreparable and significant damage to her personal and professional good name and reputation.

111.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants an amount equal to the value of all compensation to be earned by Plaintiff had her employment not been interfered with, including all to be earned salary and bonuses, benefit payments, profit sharing, costs, attorney's fees and prejudgment interest at no less than 9%.

112.    As a result of the foregoing acts, Plaintiff is entitled to recover an amount no less than $3,000,000.00 in compensatory damages from Defendants in addition to all other amounts sought herein.

113.    In committing the acts alleged herein, Defendants acted in an outrageous and malicious manner with intent, oppression, gross negligence, malice, wanton disregard and indifference for Plaintiff's protected civil rights, as part of a continuing pattern of conduct, and Plaintiff is entitled to punitive damages of at least $3,000,000.00 to adequately punish Defendants and to deter Defendants from continuing and repeating such conduct in the future.

## AS AND FOR A FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF NYSHRL §296(1)(A)

114.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

115.    Based upon the aforementioned facts, Defendants were was engaged in unlawful conduct under NYSHRL § 296 (1) (a).

116.    Plaintiff acted in opposition to such unlawful conduct by filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

117.    Defendants had actual knowledge of Plaintiff's activities in respect of filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

118.    As a proximate result of Plaintiff's activities in respect of filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40, Defendants engaged in adverse treatment of Plaintiff, including, *inter alia*, terminating her employment.

119.    The aforementioned acts of Defendants constitute unlawful retaliation against Plaintiff in violation of the provisions of NYSHRL § 296 (1) (a).

120.    Plaintiff was unlawfully discharged from her employment because she filed lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

121.    As a proximate result of Defendants' aforementioned retaliation against Plaintiff, Plaintiff has and will continue to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

122.    As a further proximate result of Defendants' actions, Plaintiff has and will continue to suffer irreparable and significant damage to her personal and professional good name and reputation.

123.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants an

20

amount equal to the value of all compensation to be earned by Plaintiff had her employment not been interfered with, including all to be earned salary and bonuses, benefit payments, profit sharing, costs, attorney's fees and prejudgment interest at no less than 9%.

124.    As a result of the foregoing acts, Plaintiff is entitled to recover an amount no less than $3,000,000.00 in compensatory damages from Defendants in addition to all other amounts sought herein.

125.    In committing the acts alleged herein, Defendants acted in an outrageous and malicious manner with intent, oppression, gross negligence, malice, wanton disregard and indifference for Plaintiff's protected civil rights, as part of a continuing pattern of conduct, and Plaintiff is entitled to punitive damages of at least $3,000,000.00 to adequately punish Defendants and to deter Defendants from continuing and repeating such conduct in the future.

## AS AND FOR A SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107

126.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

127.    Based upon the aforementioned facts, Defendants were was engaged in unlawful conduct under NYCHRL § 8-107.

128.    Plaintiff acted in opposition to such unlawful conduct by filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

129.    Defendants had actual knowledge of Plaintiff's activities in respect of filing lawful

complaints with her supervisor concerning discrimination based upon her age, over 40.

130.    As a proximate result of Plaintiff's activities in respect of filing lawful complaints with her supervisor concerning discrimination based upon her age, over 40, Defendants engaged in adverse treatment of Plaintiff, including, *inter alia*, terminating her employment.

131.    The aforementioned acts of Defendants constitute unlawful retaliation against Plaintiff in violation of the provisions of NYCHRL § 8-107.

132.    Plaintiff was unlawfully discharged from her employment because she filed lawful complaints with her supervisor concerning discrimination based upon her age, over 40.

133.    As a proximate result of Defendants' aforementioned retaliation against Plaintiff, Plaintiff has and will continue to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

134.    As a further proximate result of Defendants' actions, Plaintiff has and will continue to suffer irreparable and significant damage to her personal and professional good name and reputation.

135.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants an amount equal to the value of all compensation to be earned by Plaintiff had her employment not been interfered with, including all to be earned salary and bonuses, benefit payments, profit sharing, costs, attorney's fees and prejudgment interest at no less than 9%.

136.    As a result of the foregoing acts, Plaintiff is entitled to recover an amount no less than $3,000,000.00 in compensatory damages from Defendants in addition to all other amounts sought herein.

137.    In committing the acts alleged herein, Defendants acted in an outrageous and malicious manner with intent, oppression, gross negligence, malice, wanton disregard and indifference for Plaintiff's protected civil rights, as part of a continuing pattern of conduct, and Plaintiff is entitled to punitive damages of at least $3,000,000.00 to adequately punish Defendants and to deter Defendants from continuing and repeating such conduct in the future.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DECASTRO AND RODERICK (NYSHRL - AIDING AND ABETTING)

138.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

139.    As a result of the aforementioned actions, Defendants DeCastro and Roderick have discriminated against Plaintiff on account of her age with respect to the terms, conditions and privileges of his employment in violation of New York Executive Law § 290 et seq.

140.    As a result of the aforementioned actions, Defendants DeCastro and Roderick have violated the New York Executive Law §290 et seq. by aiding, abetting, inciting and coercing the unlawful discrimination outlined herein.

141.    As a result of Defendants DeCastro and Roderick discrimination (and aiding, abetting and inciting discrimination) against her, Plaintiff has suffered damages, including, without limitation, deprivation of income and benefits, emotional pain, suffering, inconvenience, damage to reputation and career, mental anguish and humiliation.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### AGAINST DECASTRO AND RODERICK (NYCHRL - AIDING AND ABETTING)

142.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

143.    As a result of the aforementioned actions, Defendants DeCastro and Roderick have discriminated against Plaintiff on account of her age with respect to the terms, conditions and privileges of his employment in violation of New York City Administrative Code § 8-101 et seq.

144.    As a result of the aforementioned actions, Defendants DeCastro and Roderick have violated the New York City Administrative Code § 8-101 et seq. by aiding, abetting, inciting and coercing the unlawful discrimination outlined herein.

145.    As a result of Defendants DeCastro and Roderick discrimination (and aiding, abetting and inciting discrimination) against her, Plaintiff has suffered damages, including, without limitation, deprivation of income and benefits, emotional pain, suffering, inconvenience, damage to reputation and career, mental anguish and humiliation.

## ATTORNEY'S FEES AND COSTS

146.    Attorney's fees and costs are warranted in this matter as the undersigned, on behalf of Plaintiff, have in good faith, attempted to negotiate a reasonable resolution with Defendants without having to refer this matter to this forum for adjudication, determination and final resolution on the merits.

## PUNITIVE DAMAGES – BAD FAITH

147.    It is presumed that parties to contracts undertake their respective obligations in good

faith, with intent to deal fairly. In light of Defendants' obvious and blatant bad faith, wrongdoing and breach of other duties, ***punitive damages*** should be assessed against Defendants so that they be deterred from attempting such harmful employment practices in the future.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

I.      An award of Plaintiff's actual damages in respect of loss of wages, promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits had her employment not been interfered with, including all to be earned salary and bonuses, benefit payments, profit sharing, costs, attorney's fees and prejudgment interest at no less than 9%;

II.     An award of compensatory damages not less than $3,000,000.00;

III.    An award of punitive damages not less than $3,000,000.00;

IV.     An order enjoining Defendant from engaging in the wrongful practices alleged herein;

V.      An award of prejudgment interest, costs and attorney's fees; and

VI.     Such other and further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:     New York, New York
           January 16, 2007

                         Respectfully submitted,

                         **SACK & SACK, ESQS.**

                         By: _____
                              Jonathan Sack, Esq.  (JSS 1835)

                         **Attorneys for Plaintiff**
                         **BARBARA MATTERA**
                         110 East 59th Street, 19th Floor
                         New York, New York 10022
                         Tel.: (212) 702-9000
                         Fax: (212) 702-9702